## McDonald v. Mayer.

*Atkinson, J.*—The action being upon a promissory note which
had been pledged to the plaintiff as collateral security for the
payment of an open account, the admission of the defendant in
the agreed statement of facts, to the effect that the plaintiff had
obtained the note before its maturity, did not cut off his de-
fense that the plaintiff was not a *bona fide* holder of the note,
and that the consideration thereof had failed; nor render inad-
missible evidence supporting a meritorious plea of failure of
consideration. It was therefore erroneous to strike the plea,
refuse to permit the defendant to introduce evidence in support
of it, and render a judgment against him. Evidence success-
fully impeaching the *bona fides* of the plaintiff's holding, would
let in against him all defenses to the note which would have
been available against the original payee. *Judgment affirmed.*
August 12, 1895.

Complaint on note. Before Judge Griggs. Early su-
perior court. October term, 1894.

Morris Mayer sued T. R. McDonald on a promissory note
for $150, payable to J. M. Cox or bearer. The case was
submitted to the judge without a jury, on an admitted state
of facts, to wit: February 21, 1893, McDonald gave said
note, due October 1, 1893, to Cox, who was then due
Mayer on a pre-existing account a sum larger than the
amount of the note, and Mayer was about to sue Cox on
said account. Cox deposited the note before maturity
with Mayer as collateral security for said account, and
Mayer forbore to press his claim against Cox on that
account, but advanced no new sum on account of the col-
lateral security. McDonald, when the note was first pre-
sented to him, notified Mayer that he had defences against
it and would not pay it. In open court he offered to pay
Mayer the interest on his account from the time the note
was deposited with him.

It was also agreed, that if under the foregoing facts the
court would allow it, defendant might make proof of a plea
he had filed, and which plaintiff had moved to strike, deny-

ing indebtedness to Mayer or that Mayer became a *bona fide* holder of the note before it became due; and setting up failure of consideration and fraud in the representations of Cox, whereby the note was given for certain ironing-pads with right to sell the same in Early county, and for a share of stock in the Central Ironing-Pad Co., the pads never having been delivered, and the company being a myth.

The court struck the plea and rendered judgment for plaintiff. To this ruling defendant excepted.

*R. H. Powell & Son*, for plaintiff in error.

*D. H. Pope*, contra.